UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

LARRY WAYNE CANTRELL,

        Plaintiff,

v.                                  Civil Action No. 2:18-cv-01106

JOHN FRAME, RICHARD TONEY,
ANDREW HILL, RYAN HILL,
SGT. MIKE BUZZARD, and SCOTT
SMITH, sued in their individual
capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        Pending is the defendants' motion to dismiss, filed
August 22, 2018.  In his complaint, the plaintiff accuses the
defendants of subjecting him to cruel and unusual punishment in
violation of the Eighth Amendment and denying him due process in
violation of the Fourteenth Amendment.  Specifically, the
plaintiff claims that he and other inmates were removed from
their cells for a surprise cell search and placed in a one-man,
partially outdoor, recreation cage in full restraints for over
two hours in forty-degree weather while dressed in shorts with
no access to a bathroom.

        This action was previously referred to the Honorable
Dwane L. Tinsley, United States Magistrate Judge, for submission
to the court of his Proposed Findings and Recommendation

("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).
On January 23, 2019, the magistrate judge entered his PF&R
recommending that the motion to dismiss be granted and this
matter be dismissed from the docket.  The plaintiff timely filed
objections on January 31, 2019, which he supplemented with
additional objections on February 13, 2019.  Although untimely,
the court nevertheless finds good cause to consider the
additional objections.  The defendants filed a response to the
first set of objections on February 14, 2019, to which the
plaintiff replied on February 21, 2019.  In their response, the
defendants noted that "[a]lthough Plaintiff's additional
objections are not addressed here[, t]hese defendants reserve
their right to file a response to Plaintiff's additional
objections within the time allotted by local rules of
procedure."  Defendants' Resp. to Obj., ECF # 30 at 2 n.2.
Defendants filed no such additional response.

        Upon an objection, the court reviews a PF&R de novo.
Specifically, "[t]he Federal Magistrates Act requires a district
court to 'make a de novo determination of those portions of the
[magistrate judge's] report or specified proposed findings or
recommendations to which objection is made.'"  Diamond v.
Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir.
2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

The plaintiff objects only to that portion of the magistrate judge's PF&R that found the defendants entitled to qualified immunity for the plaintiff's Eighth Amendment claim.

In his initial objections, the plaintiff disputes only the magistrate judge's conclusion that qualified immunity was warranted. In his additional objections, however, the plaintiff contends that the magistrate judge erred by considering the defense of qualified immunity in the first place. The plaintiff states:

> In defendants (sic) motion to dismiss, they never once brought up qualified immunity as a defense. According to <u>Harlow v. Fitzgerald</u>[,] 457 U.S. 815, 102 S. Ct. 2727 (1982) 'Qualified or good faith immunity is an affirmative defense <u>that must be pleaded by a defendant official</u>.'

Add'l Obj., ECF # 29 at 1 (emphasis in original).

The court agrees with the plaintiff on this objection. In their motion to dismiss and accompanying memorandum, the defendants fail to raise the defense of qualified immunity. Rather, they devote their analysis to Eleventh Amendment immunity -- apparently on the belief that they are being sued in their official and individual capacities, despite the complaint stating only that the defendants are "sued in their individual capacities[,]" Compl. at 1. The defendants challenge as well the merits of the Eighth Amendment and Fourteenth Amendment claims. In fact, qualified immunity was not argued by the

defendants until they filed their response to plaintiff's objections to the PF&R.

"It is well-settled that qualified immunity is an affirmative defense, and that 'the burden of pleading it rests with the defendant.'" Sales v. Grant, 224 F.3d 293, 296 (4th Cir. 2000) (quoting Crawford-El v. Britton, 523 U.S. 574, 586–87 (1998)). The defense "can be waived if not squarely presented to the district court[.]" Id. (discussing Suarez Corp. Industries v. McGraw, 125 F.3d 222 (4th Cir.1997)). "Generally, qualified immunity must be raised in an answer or a dismissal motion". Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 305 (4th Cir. 2006) (citing Fed.R.Civ.P. 8(c)).

The Fourth Circuit has stated that the defense of qualified immunity should be "raised . . . distinct from the question of whether a constitutional violation occurred." Buffington v. Baltimore Cty., Md., 913 F.2d 113, 122 (4th Cir. 1990) cert. denied, 499 U.S. 906 (1991). Indeed, the Fourth Circuit has been strict in declining to sua sponte consider qualified immunity when not properly presented to the district court: "Our cases have been consistent on one thing: that to be preserved for appeal, the defense of qualified immunity must be raised in a timely fashion before the district court." Noel v. Artson, 297 F. App'x 216, 218 (4th Cir. 2008); see e.g., id. at

219 (declining to consider appeal of district court's <u>sua</u> <u>sponte</u> denial of qualified immunity when the defendants did not raise the issue until their reply to the plaintiff's opposition to the summary judgment motion); <u>Sales v. Grant</u>, 224 F.3d 293, 296 (4th Cir. 2000) (finding that when the defendants "technically pled their qualified immunity defense in their answers to the initial complaint[,]" but failed to therein elaborate or otherwise present it in their motion to dismiss or for summary judgment, "we have no trouble concluding that the defendants waived their right to press seriously their claim of qualified immunity[.]"); and <u>see</u> <u>Suarez</u>, 125 F.3d at 226 (declining to consider the merits of qualified immunity when "the defense was not squarely before the district court").

The Fourth Circuit notes: "Our cases require that an affirmative defense be raised in a timely fashion for a reason: [untimely raising the defense] deprive[s] plaintiffs of any chance to brief the question and receive a fully considered ruling.  The failure to raise the defense in a timely fashion likewise deprive[s] the district court of orderly process[.]" <u>Noel</u>, 297 F. App'x 219.

Here, the defense of qualified immunity was not presented to the court in any form prior to the magistrate judge issuing his PF&R.  Accordingly, the defendants appear to have

failed properly to invoke this defense at the motion to dismiss stage and the court respectfully rejects the portion of the PF&R finding defendants entitled to qualified immunity.  Following the court's ruling on the motion to dismiss, if denied, the defendants can plead qualified immunity in their answer and the issue could then be presented at the summary judgment stage.

Having so found, the remainder of plaintiff's objections, each of which concern the merits of the magistrate judge's qualified immunity analysis, are moot and the court does not address the merits of the magistrate judge's analysis regarding qualified immunity.

As for the remainder of the PF&R, neither the plaintiff nor the defendants filed any objections thereto.  The court nonetheless briefly reviews those portions.

Regarding the Eighth Amendment claim, the court agrees with the magistrate judge that the claim cannot be dismissed at this stage.  The court finds it significant that, according to plaintiff, he was exposed to forty-degree weather for over two hours while clothed only in shorts and a T-shirt, Compl. ¶ 25, his restraints were not "double-locked" and thus continued to tighten painfully throughout the two hours he was restrained, id. ¶ 8, that he repeatedly complained to the officers that the handcuffs were too tight and not double-locked, id. ¶ 21, and

that as a result of the prolonged tightness he has suffered
numbness and lost range of motion of his right hand, id. ¶ 58,
67-68, persisting pain and lack of natural motion in both
shoulders, id. ¶ 65, and permanent scars on both ankles, id. ¶
69. Although the claim may ultimately be dismissed at a later
stage, the court cannot find at this stage, when taking all
these facts as true, that the plaintiff has failed to state "a
'reliable inference of the wanton infliction of pain.'"
Williams v. Benjamin, 77 F.3d 756, 765 (4th Cir. 1996) (quoting
Whitley v. Albers, 475 U.S. 312, 322 (1986)).

As for the Fourteenth Amendment claim, the court
agrees with the magistrate judge that the claims contained in
the complaint fall under the Eighth Amendment's prohibition
against cruel and unusual punishment rather than the Fourteenth
Amendment due process requirements. The court further agrees
that a separate due process claim would nonetheless fail,
because plaintiff's two-hour placement in restraints is not
"such an atypical and significant hardship in relation to
ordinary prison life so as to give rise to a liberty interest
sufficient to support a substantive or procedural due process
right." PF&R at 15, citing Sandin v. Conner, 515 U.S. 472, 484
(1995); Beverati v. Smith, 120 F.3d 500, 502-04 (4th Cir. 1997),
and Holley v. Johnson, No. 7:08-CV-00629, 2010 WL 2640328, at
*16 (W.D. Va. June 30, 2010).

The court, accordingly, ORDERS as follows:

1. That the petitioner's objections to the PF&R be, and they
   hereby are, granted in part and overruled as moot in part;
   and

2. That the magistrate judge's Proposed Findings and
   Recommendation be, and hereby are, adopted and incorporated
   in part as set forth herein; and

3. That the defendants' motion to dismiss be, and hereby is,
   granted in part as to the Fourteenth Amendment claim and
   denied in part as to the Eighth Amendment claim; and

4. That Count II of plaintiff's complaint, alleging denial of
   due process under the Fourteenth Amendment, be, and hereby
   is, dismissed; and

5. This case is again referred to the magistrate judge.

The Clerk is directed to transmit copies of this
memorandum opinion and order to all counsel of record, any
unrepresented parties, and the United States Magistrate Judge.

Enter: March 18, 2019

John T. Copenhaver, Jr.
Senior United States District Judge